FILED
2018 Sep-10  PM 02:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "A"
# (State Court Pleadings)

ELECTRONICALLY FILED
8/3/2018 6:19 PM
01-CV-2018-903069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>01<br><br>Date of Filing:<br>08/03/2018 | Judge Code: |
| --- | --- | --- | --- |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
### CHERYL JOHNSON v. NORTH HILL NURSING AND REHABILITATION CENTER, LLC

**First Plaintiff:** ☐ Business   ☑ Individual      **First Defendant:** ☑ Business   ☐ Individual
☐ Government   ☐ Other                  ☐ Government   ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☑ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES   ☐ NO     **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

LEW033 _____   8/3/2018 6:19:04 PM _____   /s/ JON ETHAN LEWIS _____
                          Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES   ☐ NO   ☑ UNDECIDED

ELECTRONICALLY FILED
9/3/2018 6:19 PM
01-CV-2018-903069.00
CIRCUIT COURT OF
JEFFERSON COUNTY, ALABAMA
ANNE-MARIE ADAMS, CLERK

# IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHIQUETTA PEEPLES, attorney in fact )
for CHERYL JOHNSON, an individual, )
                                      )
Plaintiff, )
                                      )
vs. )  CIVIL ACTION NO.:_____
                                      )
NORTH HILL NURSING AND )
REHABILITATION CENTER, LLC, an )
Alabama Limited Liability Company; )
A, B, and/or C, whether singular or plural, are )
those entities, persons, firms, corporations or )
partnerships who employed the nursing staff )
at North Hill Nursing and Rehabilitation )
Center during the time made the basis of this )
lawsuit; Fictitious Defendants D, E, and/or F, )
whether singular or plural, are those entities, )
persons, firms, corporations, partnerships who )
negligently and/or wantonly failed to properly )
train, supervise and monitor the performance )
of, evaluate, and/or discipline the nursing )
personnel employed at North Hill Nursing and )
Rehabilitation Center prior to and during the )
time made the basis of this lawsuit; Fictitious )
Defendants G, H, and/or I, whether singular )
or plural, are those entities, persons, firms, )
corporations or partnerships who were doing )
business as, owned, operated and/or managed )
North Hill Nursing and Rehabilitation Center )
During the time made the basis of this lawsuit; )
Fictitious Defendants J, K, and/or L, are those )
entities, persons, firms, corporations or )
partnerships who negligently and/or wantonly )
failed to provide all necessary pharmacy, )
medical and/or nursing care to Cheryl Johnson )
at North Hill Nursing and Rehabilitation )
Center during the time made the basis of this )
lawsuit; Fictitious Defendants M, N, and/or O, )
whether singular or plural, are those entities, )
persons, firms, corporations or partnerships )
who negligently and/or wantonly breached the )
standard of care owed to Cheryl Johnson )
during the time made the basis of this lawsuit; )
Fictitious Defendants P, Q, and/or R, whether )

**singular or plural, are those entities, persons,**   )
**firms, corporations or partnerships responsible** )
**for the negligence and/or wantonness**   )
**complained of herein or who in any way**   )
**contributed to the injuries sustained by Cheryl** )
**Johnson; Fictitious Defendants S, T, and/or U,**   )
**whether singular or plural, are those entities,**   )
**persons, firms, corporations or partnerships**   )
**who succeeded, bought, or controlled any**   )
**named Defendant herein, or who has assumed**   )
**the liabilities of same; Fictitious Defendants**   )
**V, W, and/or X, being that entity or those**   )
**entities doing business as Grandview Medical**   )
**Center; Y, Z, and/or AA, being that entity or**   )
**those entities doing business as Amedisys**   )
**Hospice, LLC; BB, CC, and/or DD being**   )
**that entity or those entities doing business as**   )
**University of Alabama at Birmingham Hospital** )
**or University of Alabama Health Services**   )
**Foundation; EE, FF, and/or GG, being the**   )
**physician known as Oludayo Dawada, M.D.;**   )
**HH, II, and/or JJ, being the physician known**   )
**as Serita Newton, M.D.; KK, LL, and/or MM,**   )
**being those physicians who treated Cheryl**   )
**Johnson at North Hill Nursing and**   )
**Rehabilitation Center, LLC, Grandview**   )
**Medical Center, or UAB.  Said fictitious parties** )
**are either unknown to Plaintiff at this time, or**   )
**if they are known, their identity as proper party** )
**Defendants is not known, and they will be**   )
**substituted by amendment when ascertained.**   )
  )
**Defendants.**   )
  )

## COMPLAINT

Plaintiff complains of Defendants as follows:

### Statement of the Parties

1.      Plaintiff Chiquetta Peeples is the attorney in fact for Cheryl Johnson (hereinafter

the "Plaintiff" or "Mrs. Johnson"), and she is over the age of 19 years and a resident of the State

of Alabama.

2.      Defendant North Hill Nursing and Rehabilitation Center, LLC (hereinafter the "Defendant" or "NHNRC") is an Alabama limited liability company that owned, operated and/or managed North Hill Nursing and Rehabilitation Center at all times material to Plaintiff's complaint. Defendant  NHNRC hired, trained and/or supervised employees of North Hill Nursing and Rehabilitation Center at all times material to Plaintiff's complaint.

3.      Defendant Amedisys Hospice, LLC (hereinafter the "Defendant" or "Amedisys") is a foreign limited liability company at all times material to Plaintiff's  Complaint. Defendant Amedisys hired, trained and/or supervised employees who treated Plaintiff at all times material to Plaintiff's complaint.

4.      Fictitious Defendants A, B, and/or C, whether singular or plural, are those entities, persons, firms, corporations or partnerships who employed the nursing staff at North Hill Nursing and Rehabilitation Center during the time made the basis of this lawsuit. The identification of these defendants is unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the nursing facility in question is in the exclusive control of the named Defendants.

5.      Fictitious Defendants D, E, and/or F, whether singular or plural, are those entities, persons, firms, corporations, or partnerships who negligently and/or wantonly failed to properly train, supervise and monitor the performance of, evaluate, and/or discipline the nursing personnel employed at North Hill Nursing and Rehabilitation Center prior to and during the time made the basis of this lawsuit. The identification of these defendants is unavailable to the Plaintiff,  and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the nursing facility in question is in the exclusive control of the named Defendants.

6.      Fictitious Defendants G, H, and/or I, whether singular or plural, are those entities, persons, firms, corporations or partnerships who owned, operated and/or managed North Hill Nursing and Rehabilitation Center during the time made the basis of this lawsuit. The identification of these defendants is unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the nursing facility in question is in the exclusive control of the named Defendants.

7.      Fictitious Defendants J, K, and/or L, whether singular or plural, are those entities, persons, firms, corporations or partnerships who negligently and/or wantonly failed to provide all necessary medical, pharmacy and/or nursing care to Cheryl Johnson at North Hill Nursing and Rehabilitation Center during the time made the basis of this lawsuit. The identification of these defendants is unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the names and identifying information of those who provided nursing care to Cheryl Johnson is in the exclusive control of the named Defendants.

8.      Fictitious Defendants M, N, and/or O, whether singular or plural, are those entities, persons, firms, corporations or partnerships who negligently and/or wantonly breached the standard of care owed to Cheryl Johnson during the time made the basis of this lawsuit. The identification of these defendants is unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the nursing facility and hospital in question is in the exclusive control of the named Defendants.

9.      Fictitious Defendants P, Q, and/or R, whether singular or plural, are those entities, persons, firms, corporations or partnerships responsible for the negligence and/or wantonness complained of herein or who in any way contributed to the injuries sustained by Cheryl Johnson. The identification of these defendants is unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as formal discovery regarding the identity of the persons responsible for

Cheryl Johnson's care is needed to identify said defendants.

10.     Fictitious Defendants S, T, and/or U, whether singular or plural, are those entities, persons, firms, corporations or partnerships who succeeded, bought, or controlled any Defendant herein, or who has assumed the liabilities of same. The identification of these defendants is unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the nursing facility and hospital in question is in the exclusive control of the named Defendants.

11.     Fictitious Defendants V, W, and/or X, whether singular or plural, are those entities, persons, firms, corporations or partnerships doing business as Grandview Medical Center. The identity of these defendants as proper parties is unknown to the Plaintiff at this time, and cannot be determined with reasonable certainty until further discovery is conducted.

12.     Fictitious Defendants Y, Z, and/or AA, whether singular or plural, are those entities, persons, firms, corporations or partnerships doing business as Amedisys Hospice LLC. The identification of these defendants is unavailable to the Plaintiff, and cannot be determined with reasonable certainty, as the documentation relating to the ownership and operation of the company in question is in the exclusive control of the named Defendants.

13.     Fictitious Defendants BB, CC, and/or DD, whether singular or plural, are those entities, persons, firms, corporations or partnerships doing business as University of Alabama at Birmingham Hospital or University of Alabama Health Services Foundation. The identity of these defendants as proper parties is unknown to the Plaintiff at this time, and cannot be determined with reasonable certainty until further discovery is conducted.

14.     Fictitious Defendants EE, FF, and/or GG, being that physician known as Oludayo Dawada, M.D.. The identity of this Defendant as a proper party is unknown to the Plaintiff at this

time, and cannot be determined with reasonable certainty until further discovery is conducted.

15.     Fictitious Defendants EE, FF, and/or GG, being that physician known as Serita Newton, M.D.. The identity of this Defendant as a proper party is unknown to the Plaintiff at this time, and cannot be determined with reasonable certainty until further discovery is conducted.

16.     Fictitious Defendants KK, LL, and/or MM, being those physicians and nurses who treated Plaintiff Cheryl Johnson at North Hill Nursing and Rehabilitation Center, LLC, Grandview Medical Center, University of Alabama at Birmingham Hospital or University of Alabama Health Services Foundation. The identity of these defendants as proper parties is unknown to the Plaintiff at this time, and cannot be determined with reasonable certainty until further discovery is conducted.

17.     Said fictitious party Defendants listed above in the caption of this Complaint and in Paragraph numbers three (3) through fifteen (15) above are either unknown to the Plaintiff at this time, or if they are known, their identity as proper party Defendants is not known, and they will be substituted as proper parties by amendment when ascertained.

## Statement of the Facts

18.     On or about June 23, 2017, Mrs. Cheryl Johnson was admitted to Defendant North Hill Nursing and Rehabilitation Center ("North Hill") for the purpose of rehabilitation.

19.     Upon admission, the North Hill records noted Mrs. Johnson was a fall risk and a pressure ulcer risk, and it was also noted that her skin was "irremarkable" with no red areas noted.

20.     On July 2, 2017, Mrs. Johnson was complaining of knee pain, chest pain and burning on urination, and since the family was requesting a transfer, Mrs. Johnson was transferred to UAB.

21.     On July 7, 2017, Mrs. Johnson was readmitted to North Hill, and upon readmission, she was noted to be incontinent of bowel and bladder.

22.     On July 8, 2017, the nurses note she was alert with confusion, skin without redness

or open areas, and incontinent bowel and bladder with incontinent care per staff every 2 hours and as needed.  Further, Mrs. Johnson was noted to require total assist with all activities of daily living.

23.      On July 11, 2017, the nurse noted friction dermatitis on Mrs. Johnson's sacrum and a small open area to coccyx.

24.      Again, on July 24, 2017, the nurse noted small open area to coccyx.

25.      On August 1, 2017, there was no notation of the sacral or coccyx wound.

26.      Again on August 8, 2017, the nurse noted small open area to coccyx.

27.      On August 12, 2017, the nurse at North Hill noted Mrs. Johnson's daughter was at her bedside, and Mrs. Johnson was complaining of pain in her left foot.  Her shoe was noted to be tight, and it was removed.  Upon removal, blood was noted to the sock on her left foot, and an open area was noted between the 4th and 5th digits on her left foot.

28.      On August 14, 2017, the buttocks wound was still noted, and despite her insulin, Mrs. Johnson continued to have elevated blood sugar, but nothing was done to control her sugar levels.

29.      On August 17, 2017, the nurse noted that the family called nurses to the room to look at Mrs. Johnson's left foot due to foul odor and skin and nail sloughing off of toe.  The family insisted Mrs. Johnson be sent to UAB, and she was.

30.      On August 18, 2017, Mrs. Johnson returned from the UAB ER, and the nurse noted dressing to left foot post debridement of tissue left 4th and 5th toes as well as her prescriptions for Keflex and Bctrim.

31.      On August 19, 2017, wound treatments on sacrum and left toes noted.

32.      On August 21, 2017, the nurse notes small open area to coccyx.

33.      On August 22, 2017, more than thirty (30) days after Mrs. Johnson was first

noted to have a wound, the nurses place a power air mattress on the bed.

34.   On August 23, 2017, Mrs. Johnson's foot is noted to have heavy serous exudate, granulation tissue, and a fluid filled blister, and she is referred to specialty wound care as her 4th and 5th toes were noted to be very dark.  This is the first time Mrs. Johnson is noted to be referred to specialty wound care.

35.   On August 30, 2017, the infection in Mrs. Johnson's foot was noted to be spreading to her 3rd toe and plantar foot, and further, a shear wound was noted to the sacrum

36.   On September 1, 2017, a foul odor and discoloration is noted on Mrs. Johnson's left foot which had spread to her 2nd toe, and again a shear wound was noted on her sacrum.

37.   Mrs. Johnson was sent to UAB again on September 1, 2017, and she was readmitted to North Hill on September 5, 2017 with a diagnosis of dry gangrene of left foot with necrotic digits 3-5.  She was also noted to be a pressure ulcer risk on September 5, 2017.

38.   On September 6, 2017, the nurse noted that Mrs. Johnson's shear wound on her sacrum had worsened and was now a stage 2 pressure wound.

39.   On September 12, 2017, the nurse notes her toes are blackened with a foul odor on the left foot.  Additionally, the wound on the sacrum was still noted.

40.   On September 15, 2017, per the family's request, Mrs. Johnson was sent to Grandview Medical Center, and she was admitted to ICU at Grandview.

41.   On September 18, 2017, Mrs. Johnson's left leg was amputated above the knee.

42.   On September 29, 2017, Mrs. Johnson was discharged home with home health through Defendant Amedisys.

43.   Defendant Amedisys noted Mrs. Johnson's sacral wound (coccyx stage II) upon assessment on September 29, 2017.

## COUNT ONE
## NEGLIGENCE AND WANTONNESS

44.     Plaintiff hereby restates, realleges and incorporates Paragraphs one (1) through forty-three (43) above as if fully set forth herein.

45.     Defendants North Hill Nursing and Rehabilitation Center, LLC, and Fictitious Defendants A through MM, and their agents, servants, and/or employees acted negligently, wantonly, and/or recklessly and breached the appropriate standards of care for such a nursing and rehabilitation center by failing to use that degree of care, skill, and diligence used by such facilities generally in the community in at least the following respects:

a)     Failing to maintain complete and accurate medical records;

b)     Failing to prevent the toe wounds;

c)     Causing the toe wounds due to use of too tight of shoes;

d)     Failing to monitor skin for areas of concern thereby leading to open wounds;

e)     Failing to maintain appropriate wound care for toes to prevent infection thereby leading to wet gangrene causing the need for above the knee amputation;

f)     Delaying the recognition of signs of infection causing delay in referral to the ER for appropriate wound and diabetic and infection management;

g)     Failing to prevent the sacral shear wound that later progressed during hospitalization; but for the shear wound, she may not have suffered further opening of the wound;

h)     Causing the sacral shear wound by improper movement of Plaintiff;

i)     Failing to provide appropriate perineal care;

j)     Failing to prevent urinary tract infection as found on admission to Grandview Medical Center which was septic with extremely elevated WBC count and bacteria in the blood and urine;

k)     Causing urinary tract infection as found on admission to Grandview Medical Center which was septic with extremely elevated WBC count and bacteria in the blood and urine;

l)     Violating Administrative Board of Health Regulations for the Alabama State Board of Health, Nursing Facilities and Federal Regulations - Section 420-5-10-.08 (OBRA – 483.15) Facility must care for its residents in a manner to promote maintenance or enhancement of resident's quality of life;

m)     Mrs. Johnson required a 1-2 person assist with bed mobility, transfers, and activities of daily living. Defendant failed to provide such care to promote healthy skin maintenance as set forth in l. above and she developed a shear wound/friction dermatitis which occurs during transfers and brief changes;

n)     Mrs. Johnson required assistance with dressing and placing on shoes; Defendant failed to appropriately provide care as set forth in l. above to prevent increased pressure on the feet/toes and notify all staff if there were issues of inappropriate fitting footwear given her known diagnosis of diabetes;

o)     Violating Administrative Board of Health Regulations for the Alabama State Board of Health, Nursing Facilities and Federal Regulations - 450-5-10-.09(3) (OBRA – 483.20(b)(1)) Facility must make comprehensive assessment of resident's needs… including assessment of skin conditions, chronic medical conditions….;

p)     Defendant failed to perform (or produce records showing compliance of performing/documenting) a comprehensive resident assessment on admission to document baseline status of skin, function, diet, chronic conditions, etc. as outlined by the state and federal regulations in order to guide care. This must occur within 14 calendar days after admission. There was no MDS or RAI produced upon a request of the complete records, and therefore, a comprehensive assessment of Mrs. Johnson's needs was not met which led to her development of pressure sores, wounds and infection to such an extent that her leg had to be amputated all as a result of Defendant's violation of those regulations listed in o. above;

q)     Violating Administrative Board of Health Regulations for the Alabama State Board of Health, Nursing Facilities and Federal Regulations - 450-5-10-.09(10) (OBRA – 483.20(k))  Facility must develop comprehensive care plan for each resident;

r)     There were documented Interdisciplinary Team Notes stating that the "Care Plan" was reviewed; however, this was not produced upon a request for the records in order for Plaintiff to review to ensure that Care Plans were in place for pressure ulcer prevention and then for appropriate treatment. The first report of a Care Plan meeting was not until 7/28/17, more than one month after admission into the facility, and as a result, no comprehensive care plan was followed with respect to

Mrs. Johnson, and thus, she developed sores, wounds and infection which progressed to such an extent that her leg had to be amputated all as a result of Defendant's violation of those regulations listed in q. above;

s)       Violating Administrative Board of Health Regulations for the Alabama State Board of Health, Nursing Facilities and Federal Regulations - 450-5-10-.10(4a) (OBRA – 483.25(c)(1)) Facility must ensure that a resident who enters the facility without pressure sores does not develop pressure sores unless the individual's clinical condition demonstrates that they were unavoidable;

t)       It is documented on admission that Mrs. Johnson had no skin care concerns; however, Defendant caused and/or allowed Mrs. Johnson to develop wounds to her sacrum and to the 4th and 5th digits of the left foot such that her leg had to eventually be amputated all as a result of Defendant's violation of those regulations listed in s. above;

u)       Violating Administrative Board of Health Regulations for the Alabama State Board of Health, Nursing Facilities and Federal Regulations - 450-5-10-.10(4b) (OBRA – 483.25(c)(2)) Facility must ensure that a resident having pressure sores receives necessary treatment and services to promote healing, prevent infection and prevent new sores from developing;

v)       It is documented that the toe wounds grew in size, developed a foul odor, indicative of infection, and ultimately was diagnosed with wet gangrene requiring above the knee amputation all as a result of Defendant's violation of those regulations listed in u. above;

w)       Violating Administrative Board of Health Regulations for the Alabama State Board of Health, Nursing Facilities and Federal Regulations - 450-5-10-.10(5) (OBRA – 483.25(d)(2)) Facility must ensure that a resident who enters the facility incontinent of bladder receives appropriate treatment and services to prevent urinary tract infections;

x)       Ms. Johnson was admitted to Grandview Medical Center 9/15/17 with an acute UTI and leukocytosis with positive urine and blood cultures which had developed at Defendant's facility due to their failure to provide appropriate treatment as set forth in w. above;

y)       Failing to monitor Mrs. Johnson for significant changes in her medical condition;

z)       Failing to assess Mrs. Johnson's skin to identify bruising/wounds or signs of adverse effects;

aa)       Failing to follow accepted nursing home administration procedures, nursing care standards and medical standards for the evaluation, assessment, monitoring and

treatment of Mrs. Johnson;

bb)   Failing to assess, evaluate, train and supervise or to adequately assess, evaluate, train and supervise registered nurses, licensed nurses, and nurses' assistants in Defendants' facility so as to assure that Mrs. Johnson received care in accordance with the nursing home's policy and procedure manual, accepted standards of medical and clinical practice, and State and Federal laws;

cc)   Failing to provide proper training and in-service regarding ulcer/wound prevention, ulcer/wound identification, ulcer/wound treatment, and proper care planning;

dd)   Failing to insure resident care policies and procedures, specifically ones related to ulcers/wounds/infections, care planning, and monitoring for significant changes in condition, were followed;

ee)   Failing to provide, implement, and ensure that an adequate nursing care plan for Mrs. Johnson was prepared and followed by nursing personnel;

ff)   Failing to provide sufficient numbers of nursing staff to monitor, assess and evaluate Mrs. Johnson; and

gg)   Failing to provide sufficient direct care staff to provide care and services to allow residents, including Mrs. Johnson, to attain or maintain the highest practicable physical, mental, and psychosocial well-being.

46.   Defendants North Hill and Fictitious Defendants A through MM, and their agents, servants, and/or employees negligently hired and retained staff that was not competent to meet the total nursing care needs of Mrs. Johnson.

47.   Defendants North Hill and Fictitious Defendants A through MM, and their agents, servants, and/or employees failed to train and/or properly train nursing personnel at North Hill Nursing and Rehabilitation Center in regard to assessment and monitoring.

48.   Defendants North Hill and Fictitious Defendants A through MM, and their agents, servants, and/or employees assigned personnel to give care to Mrs. Johnson who were not competent or who were unfit to provide and/or incapable of providing adequate nursing care to Mrs. Johnson.

49.     Defendants North Hill and Fictitious Defendants A through MM, and their agents, servants, and/or employees failed to provide sufficient licensed and competent personnel to provide all necessary medical and nursing care to Mrs. Johnson.

50.     Defendants North Hill and Fictitious Defendants A through MM, and their agents, servants, and/or employees breached their non-delegable duty to administer the facility in a manner that enabled it to use resources effectively and efficiently to order to attain the highest practicable physical, mental and psychosocial well-being of Mrs. Johnson.

51.     Defendants North Hill and Fictitious Defendants A through MM, and their agents, servants, and/or employees failed to perform services according to accepted standards of medical, nursing and long-term care practice.

52.     The foregoing acts and/or omissions of Defendants North Hill and Fictitious Defendants A through MM, and their agents, servants, and/or employees while acting within the line and scope of their duties for Defendants, occurred in direct violation of standards imposed by Code of Alabama, 1975, § 22-21- 20, et. seq.; Alabama Administrative Rules, 1996 § 42-5-10, et. seq. and generally accepted standards of medical and long-term nursing care practice.

53.     As a direct and proximate result of such negligent, wanton, reckless and/or intentional conduct, the Defendants caused Mrs. Johnson to suffer severe and permanent personal injuries including the development of sacral wounds, foot/toe wounds, necrotic tissues, infections and the loss of her leg above the knee.

54.     All such acts and/or omissions of Defendants North Hill and Fictitious Defendants A through MM's agents, servants and/or employees were performed within the line and scope of their duties for Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants North Hill and

Fictitious Defendants A through MM jointly and severally for compensatory and punitive

damages in an amount to be determined by the jury, plus costs.

## COUNT TWO
## BREACH OF CONTRACT AND MISREPRESENTATION

55.     Plaintiff re-alleges and incorporates paragraphs 1 through 54, as if fully set out

herein.

56.     Defendants North Hill and Fictitious Defendants A through MM, agreed to

provide nursing and rehabilitation care to Mrs. Johnson and her family.

57.     Pursuant to said agreement, Defendants North Hill and Fictitious Defendants A

through MM agreed to provide nursing and rehabilitation services to Mrs. Johnson in a quality

manner which would maintain her dignity and health.

58.     Further, Defendants North Hill and Fictitious Defendants A through MM agreed

that they would provide competent and appropriate staff to meet the needs of Mrs. Johnson

and her family with respect to nursing care and rehabilitation.

59.     Defendants North Hill and Fictitious Defendants A through MM also represented

to Mrs. Johnson and her family that they had sufficient staff in order to provide the proper

nursing and rehabilitation care required by Mrs. Johnson in light of her healthcare needs.

60.     Defendants North Hill and Fictitious Defendants A through MM represented to

Mrs. Johnson and her family that their employees were properly trained to care for Mrs. Johnson

and meet her nursing and rehabilitation needs.

61.     Defendants North Hill and Fictitious Defendants A through MM represented to

Mrs. Johnson and her family that their staff would abide by and adhere to State and Federal

nursing and rehabilitation regulations.

62.     Mrs. Johnson and her family relied upon said representations and agreed to put

their trust in Defendants North Hill and Fictitious Defendants A through MM by agreeing to place Mrs. Johnson in their facility.

63.     Defendants North Hill and Fictitious Defendants A through MM breached their agreement with Mrs. Johnson by failing to provide sufficient staff, by failing to provide proper nursing and rehabilitation services to Mrs. Johnson, by failing to adhere to State and Federal regulations as listed in Count One above, and by failing to properly train their staff.

64.     Further, Defendants North Hill and Fictitious Defendants A through MM knew, should have known, or could have known with the exercise of reasonable care that they did not have sufficient staff, that they could not provide proper nursing and rehabilitation care to Mrs. Johnson, that they would not adhere to State and Federal regulations as listed above in Count One, and that they had not properly trained their staff.

65.     As a direct and proximate  result  of such breach of contract and misrepresentations, the Defendants caused Mrs. Johnson to suffer severe and permanent personal injuries including the development of sacral wounds, foot/toe wounds, necrotic tissues, infections and the loss of her leg above the knee.

66.     All such acts and/or omissions of Defendants North Hill and Fictitious Defendants A through MM's agents,  servants and/or employees were performed within the line and scope of their duties for Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants North Hill and Fictitious Defendants A through MM jointly and severally for compensatory and punitive damages in an amount to be determined by the jury, plus costs.

*/s/ Jon E. Lewis*
Attorney for Plaintiff

/s/ Daniel B. Feldman
Attorney for Plaintiff

OF COUNSEL:

LEWIS & FELDMAN, LLC
2112 11th Avenue South
Suite 542
Birmingham, Alabama 35205
(205) 254-6060
jon@LewisAndFeldman.com

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL COUNTS.**

/s/ Jon E. Lewis
Attorney for Plaintiff

**Defendant can be served by certified mail as follows:**

**North Hill Nursing and Rehabilitation Center,
LLC c/o Richard H. Gill
444 S. Perry Street
Montgomery, Alabama
36104**



AlaFile E-Notice

01-CV-2018-903069.00

To:   JON ETHAN LEWIS
      jon@LFLattorneys.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHERYL JOHNSON V. NORTH HILL NURSING AND REHABILITATION CENTER, LLC
01-CV-2018-903069.00

The following complaint was FILED on 8/3/2018 6:19:44 PM

Notice Date:     8/3/2018 6:19:44 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov



AlaFile E-Notice

01-CV-2018-903069.00

To:  NORTH HILL NURSING AND REHABILITATION CENTER, LLC
444 S. PERRY STREET
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA

CHERYL JOHNSON V. NORTH HILL NURSING AND REHABILITATION CENTER, LLC
01-CV-2018-903069.00

The following complaint was FILED on 8/3/2018 6:19:44 PM

Notice Date:     8/3/2018 6:19:44 PM

ANNE-MARIE ADAMS
CIRCUIT COURT CLERK
JEFFERSON COUNTY, ALABAMA
JEFFERSON COUNTY, ALABAMA
716 N. RICHARD ARRINGTON BLVD.
BIRMINGHAM, AL, 35203

205-325-5355
anne-marie.adams@alacourt.gov

| State of Alabama | **SUMMONS** | **Court Case Number** |
|---|---|---|
| Unified Judicial System | **- CIVIL -** | 01-CV-2018-903069.00 |
| Form C-34   Rev. 4/2017 | | |

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
## CHERYL JOHNSON V. NORTH HILL NURSING AND REHABILITATION CENTER, LLC

**NOTICE TO:**  NORTH HILL NURSING AND REHABILITATION CENTER, LLC, 444 S. PERRY STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JON ETHAN LEWIS
,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 2112 11th Avenue South, Suite 542, BIRMINGHAM, AL 35205                     .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of CHERYL JOHNSON
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 8/3/2018 6:19:44 PM | /s/ ANNE-MARIE ADAMS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JON ETHAN LEWIS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____     _____

*(Server's Printed Name)*     *(Phone Number of Server)*



# NOTICE TO CLERK

REQUIREMENTS FOR COMPLETING SERVICE BY
CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ALABAMA
CHERYL JOHNSON V. NORTH HILL NURSING AND REHABILITATION CENTER, LLC

01-CV-2018-903069.00

To:  CLERK BIRMINGHAM
    clerk.birmingham@alacourt.gov

TOTAL POSTAGE PAID: $7.83

Parties to be served by Certified Mail - Return Receipt Requested

NORTH HILL NURSING AND REHABILITATION CENTER, LLC                Postage: $7.83
444 S. PERRY STREET
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

7016 1970 0000 4369 3792

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____        Postmark
☐ Certified Mail Restricted Delivery $ _____        Here
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

NORTH HILL NURSING AND REHABILITATION CENTER, LLC
444 S. PERRY STREET
MONTGOMERY, AL 36104

9590 9402 2705 6351 9024 20

2. Article Number (Transfer from service label)
7016 1970 0000 4369 3792

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

101
CV 2018 903069 5/C

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                     ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery  ☑ Return Receipt for Merchandise
☐ Collect on Delivery                 ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt